J-S77021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD BEGLEY | |
| Appellant | No. 335 EDA 2014 |

Appeal from the Order January 7, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005908-2002

BEFORE:  STABILE, J., JENKINS, J., and STRASSBURGER, J. [**]

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 22, 2014**

Ronald Begley appeals from an order denying his petition to prevent his classification as a Tier II sexual offender under the Sexual Offender Registration and Notification Act ("SORNA")[1].  We affirm.

On November 22, 2002, Begley pled guilty under a negotiated plea agreement to unlawful contact with a minor[2] and corruption of minors[3].  On the unlawful contact charge, the court sentenced Begley to 5-23 months' imprisonment followed by three years' probation.  On the corruption of

---

[**] Retired Senior Judge assigned to the Superior Court.
[1] 42 Pa.C.S. § 9799 *et seq*.
[2] 18 Pa.C.S. § 6318.
[3] 18 Pa.C.S. § 6301.

minors charge, the court sentenced Begley to a concurrent term of 5-23 months' imprisonment.

During the guilty plea hearing, the assistant district attorney asked Begley whether he understood he had to register as a sex offender with the Pennsylvania State Police for 10 years upon his release from prison. N.T., 11/22/02, pp. 10-11. Begley answered in the affirmative. *Id*. In addition, Begley completed and offered into evidence an "Addendum to Guilty Plea Colloquy for Sexual offenders". Paragraph 5 of the Addendum asked: "Do you understand the ten-year registration must be tolled if you are recommitted for a parole violation or sentenced to an additional prison term?" Begley answered: "Yes."

On March 30, 2004, the date of his release from prison, Begley registered as a sex offender under Megan's Law II.

On December 10, 2004, the court found Begley in violation of his probation, and on March 4, 2005, it resentenced Begley to 11½-23 months' imprisonment followed by one year of probation. He was incarcerated from October 28, 2004 to August 5, 2005. On February 2, 2006, the court again found Begley in violation of his parole/probation and sentenced him to the balance of his backtime (13 months and 23 days) and to one year of consecutive probation.

At the time of Begley's guilty plea in 2002, unlawful contact with a minor carried a 10-year registration requirement under Megan's Law II, the

sex offender registration law then in effect[4]. In December 2011, the legislature enacted SORNA, which became effective on December 20, 2012. Under SORNA, unlawful contact with a minor is a Tier II sexual offense which carries a registration requirement of 25 years. 42 Pa.C.S. §§ 9799.14(c), 9799.15(a)(2).

On January 29, 2013, Begley filed a petition to preclude his classification as a Tier II sex offender under SORNA. The Commonwealth opposed Begley's petition. On January 6, 2014, the trial court denied the petition.

Begley filed a timely appeal and a timely statement of matters complained of on appeal in which he raised the following issues:

> 1. Whether the trial court erred in denying Defendant's Motion to preclude the Pennsylvania State Police from reclassifying him as a sexual offender pursuant to [SORNA].
>
> 2. Whether the trial court erred in finding that Defendant was being supervised by the Pennsylvania Board of Probation or Parole or a county department of probation or parole on December 20, 2012, [thus] requiring him to comply with the requirements of SORNA.

_____

[4] SORNA has three legislative predecessors: Megan's Law, which our Supreme Court held unconstitutional in 1999 in **Commonwealth v. Williams**, 733 A.2d 593 (Pa.1999); Megan's Law II, which was signed into law in May 2000 and which our Supreme Court found constitutional in **Commonwealth v. Williams**, 832 A.2d 962 (Pa.2003); and Megan's Law III, which was effective from January 2005 until December 2012.

3. Whether the trial court erred in failing to enforce the terms of the agreement entered into by the Commonwealth and Defendant at the time of Defendant's plea, as required by **Commonwealth v. Hainesworth**, [82 A.3d 444 (Pa.Super.2013) (*en banc*)].

Pa.R.A.P. 1925(b) Statement. In response, the trial court filed a Pa.R.A.P. 1925(a) opinion.

In his brief on appeal, Begley states the same three issues in his Statement of Questions Involved, but he only provides argument on two issues: (1) whether the county probation department was still supervising him on SORNA's effective date, thus requiring him to register as a sex offender under SORNA, and (2) whether **Hainesworth** prohibited the trial court from ordering him to register as a sex offender under SORNA[5] [6]. Because both of these issues are questions of law, our scope of review is plenary, and our standard of review is limited to whether the trial court

_____

[5] Technically, Begley has waived the third issue (whether the trial court erred in denying Begley's petition to preclude his reclassification under SORNA) by failing to devote any argument to this precise point. **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa.2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). As a practical matter, however, his two arguments appear to be functionally equivalent to the third issue. In any event, we will limit our discussion to the two issues that Begley briefed.

[6] Begley first briefs the **Hainesworth** issue and then the probation supervision issue. For the sake of convenience, we will address these arguments in reverse order.

committed legal error. ***Commonwealth v. Benner***, 853 A.2d 1068, 1070 (Pa.Super.2004).

We first examine Begley's claim that he is not subject to SORNA because he was no longer under the supervision of the county probation department on SORNA's effective date. We consider this argument a red herring. It is irrelevant whether Begley was under probationary supervision on SORNA's effective date. Instead, Begley is required to register as a sex offender under SORNA for the simple reason that his original 10-year registration period was not complete as of SORNA's effective date.

SORNA provides:

> The following individuals shall register with the Pennsylvania State Police as provided in [this Act] and otherwise comply with the provisions of this subchapter. . .
>
> (3) An individual who. . .*was required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012*. . .

42 Pa.C.S. § 9799.13(3)(i) (emphasis added). Under both Megan's Law II and SORNA, the registration period begins upon release from incarceration. 42 Pa.C.S. § 9795.1 (Megan's Law II); 42 Pa.C.S. § 9799.15(b)(1)(i)(A) (SORNA). In addition, under both Megan's Law II and SORNA, the registration period tolls when the defendant is incarcerated in a federal, state or local correctional institution, recommitted to any of these

institutions, or sentenced to an additional term of imprisonment. 42 Pa.C.S. § 9795.1 (Megan's Law II); 42 Pa.C.S. § 9799.15(c)(1)(i), (c)(2) (SORNA).

When SORNA became effective in December 2012, Begley's original 10-year registration period was not complete, because it did not begin until March 2004, and because he was re-incarcerated for nineteen months between 2004 and 2006 for parole/probation violations. Thus, SORNA requires him to register as a sex offender for 25 years as a Tier II offender[7]. 42 Pa.C.S. § 9799.13(3)(i).

We next consider whether Begley is exempt from SORNA under our recent decision in *Hainesworth*. *Hainesworth* clearly does not apply to this case.

In 2009, the defendant in *Hainesworth* entered a negotiated guilty plea to statutory sexual assault, indecent assault and criminal use of a communication facility. None of these convictions required registration under the then-prevailing version of Megan's Law, 42 Pa.C.S. § 9791. Moreover, as part of the guilty plea agreement, the Commonwealth withdrew another charge (aggravated indecent assault) that would have imposed a registration requirement. During the guilty plea hearing, the

---

[7] Credited against this 25-year term is Begley's period of registration from March 30, 2004 to December 20, 2012, less time that he was incarcerated for parole or probation violations. 42 Pa.C.S. § 9799.15(a.1) (prescribing credit for time spent on sex offender registry prior to SORNA's effective date).

Commonwealth repeatedly assured the defendant that his guilty plea did not obligate him to register as a sex offender. Three years later, one week before SORNA took effect, the defendant filed a motion seeking to terminate supervision by the probation department. The trial court denied the petition to terminate supervision but held that application of SORNA's registration requirements to the defendant violated due process. The Commonwealth appealed the trial court's order, and we affirmed, reasoning: "The parties to this appeal entered into a plea bargain that contained a negotiated term that Hainesworth did not have to register as a sex offender. As such, it was not error for the trial court to order specific enforcement of that bargain." *Hainesworth*, 82 A.3d at 450.

Significantly, the *Hainesworth* court reasoned that the defendant's plea agreement was different from the plea agreement in *Benner*, *supra*. *Hainesworth's* reasoning on this point deserves lengthy recitation:

> At the time of Benner's plea, a conviction for this crime carried a 10–year registration requirement under Megan's Law. . .While Benner was on parole, a new version of Megan's Law was enacted by the legislature, requiring those convicted of aggravated indecent assault and still under correctional supervision to be subject to a lifetime registration provision. . .On appeal, Benner argued that his plea was involuntary and unlawful because he was not made aware of the registration requirement by the trial court, or, in the alternative, that he should be subject to the 10–year requirement in effect at the time of his plea. . .Benner conceded that he was aware of the 10–year registration requirement at the time of his plea. . .This Court concluded, 'Although [Benner] contends that he relied on the

representation of the District Attorney that he would not be required to register, the record provides no substantiation that the District Attorney ever made such a representation.' Thus, we held that the new lifetime registration requirement was applicable.

*Benner* is easily distinguished from the instant case. Benner was always subject to a registration requirement, which he was aware of at the time of his plea. Benner pled guilty to the very same crime that was withdrawn by the Commonwealth in the instant case so that Hainesworth would not be subject to a registration requirement. Moreover, unlike the instant case, the record did not support Benner's contention that he had bargained for non-registration as a term of his plea. Accordingly, the holding in *Benner* is inapplicable to the instant case. All crimes requiring Hainesworth to register were withdrawn by the Commonwealth pursuant to the plea bargain, and that bargain was structured for the specific purpose of not requiring Hainesworth to register. Unlike Benner, Hainesworth has never been subject to a registration requirement.

*Id*., 82 A.3d at 450 (citations omitted).

In contrast to the prosecution in *Hainesworth*, the Commonwealth did not withdraw all charges requiring sex offender registration from Begley's plea agreement. Nor did the Commonwealth promise in Begley's plea agreement that he was exempt from registering as a sex offender. To the contrary, Begley pled guilty to a charge that required him to register as a sex offender (unlawful contact with a minor), and he agreed in both his verbal and written guilty plea colloquies that he had to register as a sex offender. Thus, Begley's reliance on *Hainesworth* is misplaced.

Indeed, Begley's position is even weaker than the defendant's position in **Benner**. The defendant in **Benner** claimed – without any record evidence – that the Commonwealth promised that he would not have to register as a sex offender. Here, it is beyond dispute that the Commonwealth informed Begley at the time of his guilty plea of his duty to register as a sex offender, and that Begley agreed to this condition.

In short, Begley agreed as part of his guilty plea in 2002 to register as a sex offender for 10 years under Megan's Law II, and his registration period was not complete when SORNA took effect in 2012. As a result, the trial court correctly determined that Begley must register under SORNA as a Tier II offender.

Order affirmed. Commonwealth's motion to supplement record granted[8].

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014

_____

[8] The Commonwealth moved to add to the record a letter from the Pennsylvania State Police to Begley advising him of his requirement to register under SORNA. We grant this motion pursuant to our authority to supplement the record under Pa.R.A.P. 1926.